*Sandra*

FILED AND RECORDED
BOSSIER PARISH, LA
MAR 12   3 46 PM '99
CLERK & EX-OFFICIO
RECORDER

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
APR 1 2 1999
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

DEBORAH MORRIS  :  NUMBER: 100782

VERSUS  :  26th JUDICIAL DISTRICT COURT

DILLARD DEPARTMENT STORES, INC., LIBERTY MUTUAL INSURANCE COMPANY and OFFICER R.W. BROWN

**CV99-0652 S**

:  BOSSIER PARISH, LOUISIANA

:  SECTION: "___"   DIV. A.-BURCHETT
JUDGE WALTER
MAGISTRATE JUDGE PAYNE

**PETITION**

NOW INTO COURT, through undersigned counsel, comes **DEBORAH MORRIS**, a major domiciliary of Bossier Parish, Louisiana, who respectfully represent the following:

1.

Made defendants herein are:

**DILLARD DEPARTMENT STORES, INC.**, a foreign corporation, authorized to do business within the State of Louisiana, who may be served through its registered agent for service of process, CT Corporation Systems, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809;

**LIBERTY MUTUAL INSURANCE COMPANY**, a foreign insurer authorized to do and doing business State, who may be served through the Secretary of State for the State of Louisiana;

**OFFICER R.W. BROWN**, a major domiciliary of the Parish of Bossier who may be served at his place of employment, Bossier City Police Department, 620 Benton Road, Bossier City, Louisiana

**CITY OF BOSSIER CITY**, who may be served through the office of the Mayor, Mr. George Dement at 620 Benton Road, Bossier City, Louisiana

2.

Plaintiff shows that on or about March 13, 1998 she was a guest\invitee at **DILLARD'S DEPARTMENT STORE**, located at 2950 East Texas Street in Bossier City, Bossier Parish, Louisiana. All events complained of in this Petition occurred within Bossier Parish, Louisiana.

ENDORSED, FILED 3-12 19 99
SUE S. FOSTER
DEPUTY CLERK

A TRUE COPY-ATTEST
_____
DEPUTY CLERK

①

3.

On that date, petitioner and a female companion were followed throughout the department store by **DILLARD'S DEPARTMENT STORE** security guard **OFFICER R.W. BROWN**. Petitioner and her companion then left the store and were followed to the exit by the security guard, who is a Bossier City Police Officer, and who was in his police uniform during all events complained of herein. As plaintiff entered her companions vehicle, she noticed that **OFFICER R.W. BROWN** was writing down the license number of the vehicle.

4.

Based on these events petitioner returned to the store to inquire into **OFFICER R.W. BROWN'S** actions. At this point she was immediately handcuffed and arrested for shoplifting by Officer Brown.

5.

Petitioner was taken handcuffed through the store to a small security room where she was detained for a lengthy period of time. While handcuffed, she was pushed down into a chair and interrogated at length. She was searched and her picture was taken and placed in a photo album entitled "Dillard's Most Wanted."

6.

At no time was any stolen merchandise found, but **OFFICER R.W. BROWN** and another off duty officer retrieved a shirt and joked that it was evidence obtained from a shoplifter in 1993. Then a Nautica brand shirt was brought to the room as alleged evidence of the shoplifting.

7.

**OFFICER R.W. BROWN** then proceeded to place plaintiff under arrest for shoplifting without probable cause that she had taken any merchandise. He called for another police unit to take her to the Bossier City Jail, and he walked her back through the store, handcuffed. She was led to another police unit outside of the store. Petitioner was taken to jail, booked, and required to post a bond for her release.

8.

At no time did plaintiff take any merchandise from **DILLARD'S DEPARTMENT STORE**.

9.

**OFFICER R.W. BROWN** was aware that petitioner had not shoplifted any merchandise because he been informed of this fact by another Dillard's employee named Maxie. This was the same employee who initially called the officer to keep the two black women under surveillance as potential shoplifters.

10.

**DILLARD'S DEPARTMENT STORE employees and OFFICER R.W. BROWN** singled out petitioner and her companion as potential shoplifters for the sole reason that they were African-American females. Petitioner was arrested for shoplifting for the sole reason that she is an African-American individual and the events complained of herein were blatant acts of racial discrimination. The acts of the several defendants were in violation of the Fourteenth Amendment to the United States Constitution and applicable federal statutes enforcing the equal protection guarantees thereof including, but not limited to 42 U.S.C. § 1981.

11.

At all relevant times **OFFICER R.W BROWN** was acting as an employee of defendant, **DILLARD DEPARTMENT STORES, INC.** and was working within the course and scope of his duties as a security guard with defendant.

12.

At all relevant times **OFFICER R.W. BROWN** was in full Bossier City Police Department uniform, and was acting within the course and scope of his duties as a Bossier City Police officer (i.e. criminal investigation, search and seizure). Petitioner was under the belief that Officer Brown was on duty as a police officer at the time of the events giving rise to this lawsuit.

13.

**OFFICER R.W. BROWN** affected the search and\or seizure of petitioner without sufficient information and evidence to constitute probable cause, which search and seizure was in violation of the Fourth Amendment to the United States Constitution, and which Constitutional violation would have been apparent to a reasonable person or law enforcement officer.

14.

The search and seizure of petitioner was without probable cause, and this would have been apparent to a reasonable person based on the following nonexclusive reasons: 1) insufficient investigation of the crime for which the plaintiff was seized and later searched, and detained; 2) no reliable evidence that petitioners had stolen or attempted to have stolen any merchandise; 3) insufficient police investigation 5) other acts and omissions on the part of the defendants.

15.

Petitioner suffered anxiety, humiliation, emotional distress and embarrassment as result of these events. Petitioner further suffered damage to her reputation in the community, and has incurred special damages in the nature of attorney's fees and bonding fees.

16.

Defendants, **OFFICER R.W. HART**, the **CITY OF BOSSIER CITY** (Bossier City Police Department) and **DILLARD DEPARTMENT STORES, INC.** are liable unto petitioners for damages and attorneys' fees under 42 U.S.C. § 1981, 1983, 1988, and under the Louisiana anti-discrimination laws, and for the false imprisonment, intentional infliction of emotional distress, invasion of privacy, and other tortious acts.

17.

At all times relevant to this litigation, **DILLARD DEPARTMENT STORES INC.**, was insured by a policy of insurance issued by the defendant **LIBERTY MUTUAL INSURANCE COMPANY**. Said policy of insurance was in full force and effect at the time of these events, and said policy provides coverage for the damages suffered by petitioner.

18.

Petitioners is unable to pay the costs of this proceeding as they accrue and respectfully asks this court to allow her to proceed in this matter In Forma Pauperis.

**WHEREFORE, PETITIONERS PRAY** that defendants be served and cited to appear and answer this petition; that she be allowed to proceed in this matter In Forma Pauperis; and after all judicial proceedings are completed, for all reasonable damages from date of judicial demand, all costs of these proceedings, penalties,

interest, attorney's fees and all general and equitable relief which petitioner is entitled.

RESPECTFULLY SUBMITTED:

_____
GREGORY L. KELLEY
Attorney at Law
La. Bar Roll No. 24,483
601 Benton Road, Ste. 4
Bossier City, Louisiana   71111
Telephone: (318) 747-1404
Facsimile: (318) 747-1405

PLEASE SERVE defendants as
set forth in Paragraph 1.